IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| VINCENT J. SELINKO | : | CIVIL ACTION |
|---|---|---|
| v. | : | |
| NANCY BERRYHILL, Acting Commissioner of Social Security | : | NO. 16-1418 |

## ORDER

**AND NOW**, this 13th day of August, 2018, upon consideration of Plaintiff's Brief and Statement of Issues in Support of Request for Review (Docket No. 9), Defendant's Response thereto, Plaintiff's Reply Brief, the Report and Recommendation of United States Magistrate Judge Henry S. Perkin (Docket No. 13), and Plaintiff's Objections thereto (Docket No. 14), **IT IS HEREBY ORDERED** as follows:

1. Plaintiff's Objections are **OVERRULED**.[1]

---

[1] The Administrative Law Judge ("ALJ") in this case denied Plaintiff's request for supplemental security income under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383f. The ALJ found that Plaintiff suffered from three severe impairments, including two mental impairments: major depressive disorder and narcissistic personality disorder. He concluded, however, that Plaintiff's impairments did not meet or medically equal any listed impairment and that he had the residual functional capacity to do certain available work. In his Request for Review, Plaintiff argues, inter alia, that the ALJ did not adequately explain or support his finding that Plaintiff's mental impairments did not meet or medically equal the listing of impairments, an analysis that requires consideration of the Paragraph B criteria. Magistrate Judge Perkin recommends in his Report and Recommendation ("R&R") that the Paragraph B findings were adequately explained and supported. Plaintiff objects to this aspect of the R&R.

Judicial review of the Commissioner's final decision is limited, and the ALJ's findings of fact will not be disturbed if they are supported by substantial evidence. Brownawell v. Comm'r of Soc. Sec., 554 F.3d 352, 355 (3d Cir. 2008) (citing 42 U.S.C. § 405(g)); see also 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). While the ALJ must set forth the reasons for his decision, he need not "use particular language or adhere to a particular format in conducting his analysis." Jones v. Barnhart, 364 F.3d 501, 504-05 (3d Cir. 2004). He must, however, "ensure that there is sufficient development of the record and explanation of [his] findings to permit meaningful review." Id. at 505 (citation omitted). We review *de novo* those portions of a Magistrate Judge's report and recommendation to which objections are made. 28 U.S.C. § 636(b)(1).

The ALJ found with respect to the Paragraph B criteria that Plaintiff had only mild restrictions in his activities of daily living, mild difficulties in social functioning, and moderate difficulties with regard to concentration, persistence and pace. In making these findings, the ALJ expressly cited just two documents in the record, a November 1, 2009 Function Report and a September 16, 2011 Function Report. (R27 (citing R389-99, 438-45).) Plaintiff argues that these findings are therefore inadequately explained and that the ALJ did not address contrary record evidence. The Magistrate Judge recommends, however, that the ALJ addressed the contrary record evidence later in his decision and that this subsequent discussion of the evidence was not only sufficient to permit meaningful review of the ALJ's factual conclusions regarding Paragraph B, but also set forth substantial evidence to support those factual conclusions.

Plaintiff now argues that the Magistrate Judge's recommendations in this regard are erroneous. First, he contends that the ALJ's summarization of evidence later in his decision was simply insufficient to constitute the explanation that is required under the controlling case law. However, as stated above, the ALJ need only provide enough discussion and evaluation of the evidence "to permit meaningful review." Jones, 364 F.3d at 505. Here, we agree with the Magistrate Judge that the ALJ's detailed summary and analysis of the record evidence throughout his decision is sufficient to permit meaningful review of the ALJ's Paragraph B findings. Indeed, the ALJ expressly wrote that his subsequent RFC assessment "reflect[ed] the degree of limitation [he] found in the 'paragraph B' mental function analysis." (R28.) We therefore overrule this aspect of Plaintiff's objections.

Plaintiff also objects to the Magistrate's Judge's recommendation that the ALJ's Paragraph B findings are supported by substantial evidence, and argues specifically that the Magistrate Judge mischaracterized the ALJ's description of the evidence -- and manufactured his own rationale -- to support the ALJ's finding that Plaintiff had only mild restrictions in activities of daily living. However, on *de novo* review, we, like the Magistrate Judge, find that there is substantial evidence in the record to support the ALJ's Paragraph B determinations. While Plaintiff correctly points out that he testified to significant restrictions on his activities of daily living, the ALJ stated that he did not find Plaintiff's "statements concerning the intensity, persistence and limiting effect of [his] symptoms to be entirely credible," observing that Plaintiff admitted in his October 2009 and September 2011 Function Reports to capably engaging in numerous activities of daily living and participating in various social activities. (R30-31.) Likewise, while Plaintiff asserts the ALJ did not adequately explain his reasons for discounting five letters that arguably support different conclusions regarding the Paragraph B criteria, the Magistrate Judge correctly observed that the ALJ specifically discussed each of the five letters in his decision. (R34-35 (addressing R733-34, 737, 897, 901).) Moreover, the ALJ identified other substantial evidence that supported his conclusion that Plaintiff suffered no marked limitations on his activities of daily living, social functioning, and concentration, persistence or pace, including the above-referenced Function Reports and the opinions of Dr. Paul S. LaNunziata and Dr. Janet Sebes. (R30, 36-37, 389-99, 438-45, 712-13, 845-50); see Bryan v. Comm'r of Soc. Sec., 383 F. App'x 140, 145 (3d Cir. 2010) (stating that we may not "re-weigh the evidence or substitute our own judgment for that of the ALJ," and we must "uphold the Commissioner's decision even if there is contrary evidence that would justify the opposite conclusion, as long as the 'substantial evidence' standard is satisfied" (citations omitted)). Under these circumstances, the Magistrate Judge correctly recommended that the ALJ's challenged determination was supported by substantial evidence, and we overrule Plaintiff's objections to the contrary.

We therefore overrule Plaintiff's objections in their entirety, and we adopt and approve the

2. The Report and Recommendation is **APPROVED** and **ADOPTED**.

3. Plaintiff's Request for Review is **DENIED**.

BY THE COURT:

/s/ John R. Padova, J.

John R. Padova, J.

---

Magistrate Judge's R&R in its entirety.